_____

No. 95-2579
_____

David Preston Pardue,                  *
                                       *
          Appellant,                   *
                                       *  Appeal from the United States
     v.                                *  District Court for the
                                       *  Eastern District of Arkansas.
Larry Norris, Director,                *
Arkansas Department of                 *           [PUBLISHED]
Correction,                            *
                                       *
          Appellee.                    *

_____

                Submitted:  January 9, 1996

                  Filed:  January 24, 1996
                _____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                _____

PER CURIAM.


     David Preston Pardue appeals the denial of his second 28
U.S.C. § 2254 petition for abuse of the writ.  We affirm.


     Pardue was convicted of robbery of a Wal-Mart store in 1987.
His conviction was affirmed on appeal.  He filed his first petition
for habeas corpus relief in 1989, alleging newly discovered
evidence relating to eyewitness identification.  In the present
petition, Pardue challenges the lawfulness of his arrest and
asserts ineffective assistance of counsel.[1]

---

[1]Pardue has moved to supplement the record with an affidavit
never presented to the district court.  In the affidavit, Pardue
asserts that his attorney had a conflict of interest by virtue of
her former marriage to a member of the family of the founder of
Wal-Mart.  She had been divorced for over 10 years before she
represented Pardue.  Pardue asserts that he only recently became
aware of this fact.  The State of Arkansas opposes the motion to

A second or successive petition for habeas corpus must be dismissed as an abuse of the writ unless the petitioner can show external cause and prejudice or a fundamental miscarriage of justice. <u>McCleskey v. Zant</u>, 499 U.S. 467. 493-94 (1991). Pardue has not shown that he lacked a factual or legal basis to raise his claims in the first petition or that anything else prevented him from doing so.

After consideration of Pardue's arguments on appeal, we affirm for the reasons stated in the district court's well reasoned opinion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

supplement the record, but nonetheless offers the affidavit of Pardue's attorney. In that affidavit, she states that Pardue knew of her relationship to the Walton family at the time of his first habeas corpus petition.

Pardue has shown no reason why these materials were not presented to the district court, in spite of several opportunities to present them--e.g., in response to a show cause order, or as part of an objection to the magistrate's findings. Accordingly, Pardue's motion to supplement the record is denied. We add that if we were to consider the evidence, it would not change this outcome.